## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

VICKI BERGQUIST,                         3:11-CV-01303-AC

      Plaintiff,                  ORDER

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR SAXON
ASSET SECURITIES TRUST
2007-4,

      Defendant.


BROWN, Judge.

On May 14, 2012, Magistrate Judge John Acosta issued
Findings and Recommendation (F&R) (#15) in which he recommended
this Court grant in part and deny in part Defendant Deutsche Bank
National Trust Company's Motion (#6) to Dismiss Plaintiff's
Complaint for lack of subject-matter jurisdiction under Federal
Rule of Civil Procedure 12(b)(1) and for failure to state a claim
upon which relief can be granted under Federal Rule of Civil
Procedure 12(b)(6).

This matter is now before the Court under 28 U.S.C.
§ 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

## BACKGROUND

In September 2011 Plaintiff filed this action in Polk County Circuit Court.  On October 28, 2011, Defendant timely removed it to federal court based on diversity of citizenship under 28 U.S.C. § 1332.

In her Complaint Plaintiff alleges, among other things, as follows:

> 1.  In August 2007 Plaintiff purchased a home with a mortgage secured by a trust deed.
> 2.  In July 2008 the mortgagee assigned the trust deed to Deutsche Bank.
> 3.  Plaintiff defaulted on the payments due under the trust deed.
> 4. On July 22, 2011, Deutsche Bank held and completed a trustee's nonjudicial foreclosure sale.

Plaintiff seeks a declaratory judgment that the foreclosure sale was unlawful because "on information and belief" there were several assignments of the trust deed by the trustee that were not recorded as required under Oregon Revised Statute § 86.735(1).

In his F&R the Magistrate Judge found (1) Plaintiff has standing to assert a claim for a declaratory judgment of wrongful foreclosure under Oregon law even though the nonjudicial foreclosure sale has already been completed and (2) Plaintiff

2 - ORDER

adequately pled a claim for relief that relies on facts asserted "on information and belief."

## DISCUSSION

I.  **Portions of the Findings and Recommendation to which Defendants do not object**.

For any portion of the F&R to which the parties do not object, the Court is relieved of its obligation to review the factual record *de novo* and reviews only the Magistrate Judge's conclusions of law *de novo*.  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

Neither party has objected to the Magistrate Judge's finding that Plaintiff is not entitled to injunctive relief related to the completed nonjudicial foreclosure sale of her home because the completed sale moots that claim.  In addition, neither party has objected to the Magistrate Judge's recommendation that the Court permit Plaintiff to amend her Complaint to join Regional, the Trustee at the time of the nonjudicial foreclosure, as a necessary party to this action under Oregon Revised Statute § 86.790(4).

Having reviewed the legal principles *de novo,* the Court does not find any error in these portions of the Magistrate Judge's F&R.

3 - ORDER

## II.  <u>Portions of the Findings and Recommendation to which Defendants object</u>.

When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of the Magistrate Judge's report.  28 U.S.C. § 631(b)(1).  *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009).  *See also United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)*(en banc*).

Deutsche Bank has filed timely Objections to the Magistrate Judge's F&R to the extent that the Magistrate Judge recommended denial of Deutsche Bank's Motion to Dismiss Plaintiff's Complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and for Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court reviews *de novo* those portions of the Magistrate Judge's F&R.

### A.  <u>Federal Rule of Civil Procedure 12(b)(1) - Standing</u>.

The Magistrate Judge found Plaintiff has standing under Federal Rule of Civil Procedure 12(b)(1) to seek a declaratory judgment of wrongful foreclosure because Plaintiff had "already suffered a concrete and personal loss" at the time she filed the Complaint and, therefore, "has a personal stake in the outcome of the controversy" sufficient to establish her standing to bring this action.  F&R at 8.

Defendant contends the ALJ erred because Plaintiff was notified of the foreclosure sale before it occurred, and she "is statutorily barred from seeking to undo the sale."

**1. Standard.**

"Generally stated, federal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.'" *Phillips Petroleum Co. V. Shutts,* 472 U.S. 797, 804 (1985) (*citing Baker v. Carr,* 369 U.S. 186, 204 (1962)). *See also Los Angeles Have Hospice, Inc. V. Sebelius,* 638 F.3d 644, 655 (9th Cir. 2011). "There must be some causal connection between the asserted injury and the challenged action," and the injury must be of the type "likely to be redressed by a favorable decision." *Phillips Petroleum,* 472 U.S. at 804. *See also Drake v. Obama,* 664 F.3d 774, 779 (9th Cir. 2011). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). *See also Renee v. Duncan,* 623 F.3d 787, 801 (9th Cir. 2010).

**2. Analysis.**

As noted by the Magistrate Judge, Defendant removed this case to federal court, and, therefore, Defendant has the burden to establish that this Court has federal subject-matter

jurisdiction, including the issue of standing.

In any event, the Magistrate Judge found "at the time [Plaintiff] filed her Complaint [in state court], she had already suffered a concrete and personal loss" as a result of the sale of her home in foreclosure, and the Magistrate Judge concluded that fact was sufficient to satisfy the standing requirements set forth in *Lujan.* The Magistrate Judge rejected Defendant's argument that Plaintiff lacked standing because she was not a party to and did not allege she had been damaged specifically by the assignments that were allegedly unrecorded. Instead the Magistrate Judge found Plaintiff suffered a specific loss (*i.e.,* loss of her home) because of an allegedly flawed foreclosure proceeding that did not meet the requirements of Oregon law.

The Court agrees with the Magistrate Judge's finding that Plaintiff's loss was caused by and is "fairly traceable" to the foreclosure proceeding, which Plaintiff alleges did not satisfy all of the requirements of Oregon law. In addition, as noted by the Magistrate Judge, Plaintiff alleges Defendant, as beneficiary of the trust securing Plaintiff's loan, played an integral part in and contributed to the foreclosure proceeding that resulted in dispossessing Plaintiff of her property by buying the property at the foreclosure proceeding.

On this record the Court **ADOPTS** the Magistrate Judge's finding that Plaintiff's loss of her home at the nonjudicial

6 - ORDER

foreclosure sale "was a concrete and personal loss," and,
therefore, Plaintiff has satisfied the requirements for having
"constitutional standing."  F&R at 11.

**B.  <u>Federal Rule of Civil Procedure 12(b)(6) - Failure to
     State a Claim</u>.**

Defendant contends Plaintiff's allegations in her Complaint
are based on mere speculation, and, therefore, those allegations
do not satisfy the pleading requirements of Federal Rule of Civil
Procedure 12(b)(6).

The Magistrate Judge recommends the Court deny Defendant's
Motion to Dismiss for failure to state a claim because Plaintiff
"alleges non-conclusory facts to plausibly suggest an entitlement
to relief for Deutsche Bank's violation of the OTDA [Oregon Trust
Deed Act]."  F&R at 22.  The Court agrees if such a claim exists
under Oregon law, Plaintiff's allegations are sufficient to state
a claim.  Plaintiff notes, however, and the Court agrees, the
question whether Plaintiff has a viable claim arising from a
nonjudicial foreclosure based on Defendant's failure to record an
assignment of a beneficial interest is a matter of state law.

The Judges of the United States District Court for the
District of Oregon have reached different opinions as to whether
Oregon law provides for a claim such as the one asserted by
Plaintiff.  As a result, the Chief Judge for the United States
District Court for the District of Oregon certified certain
state-law questions to the Oregon Supreme Court on April 13,

7 - ORDER

2012, that directly bear upon the issue.  The Oregon Supreme
Court, in turn, accepted the certified questions and will issue a
decision in due course.  *See Brandrup v. ReconTrust Co., N.A.,*
Order Accepting Certified Question, SO60281 (July 19, 2012).

In the meantime, on July 18, 2012, the Oregon Court of
Appeals held in *Niday v. GMAC Mortgage, LLC,* Case. No. A147430,
2012 WL 2915520 (July 18, 2012), that the recording of an
assignment of a trust deed under Oregon Revised Statute
§ 86.735(1) "is a predicate to nonjudicial foreclosure."  A
definitive answer as to this state-law issue, however, awaits the
Supreme Court's opinion on the certified questions.

Accordingly, the Court concludes a stay of proceedings as
requested by Plaintiff is appropriate as to Plaintiff's Motion to
Dismiss under Federal Rule of Civil Procedure 12(b)(6) pending a
decision from the Oregon Supreme Court on the certified
questions.


### CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in
part** Defendant's Motion to Dismiss (#6) as follows:

The Court **ADOPTS** the Magistrate Judge's Findings and
Recommendation, and, accordingly, the Court **DENIES** Defendant's
Motion (#6) to Dismiss Plaintiff's Complaint for lack of standing
under Federal Rule of Civil Procedure 12(b)(1) and **GRANTS**

8 - ORDER

Defendant's Motion (#6) to Dismiss to the extent that the Magistrate Judge found Plaintiff is not entitled to injunctive relief related to the completed nonjudicial foreclosure sale of her home.

The Court, however, declines at this time to adopt that part of the Magistrate Judge's Findings and Recommendation that the Court deny Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and **STAYS** its ruling as to this portion of Defendant's Motion until the Oregon Supreme Court has issued its opinion as to the questions certified to the Oregon Supreme Court by the Chief Judge of this Court.

The Court also **ADOPTS** the Magistrate Judge's Findings and Recommendation to the extent that Plaintiff is permitted to amend her Complaint to join Regional, the Trustee at the time of the nonjudicial foreclosure, as a necessary party to this action pursuant to Oregon Revised Statute § 86.790(4).

IT IS SO ORDERED.

DATED this 9th day of August, 2012.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge